COPY

Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: lking@kaplanfox.com
        lfong@kaplanfox.com

*Attorneys for Plaintiff Frank E. Manginell*

[Additional counsel listed on signature block]

FILED
2011 FEB -9 PM 3:35
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. MANGINELL, on behalf of himself) and all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>D. SCOTT MERCER, MATTHEW E. MASSENGILL, BALAKRISHNAN S. IYER, F. CRAIG FARRILL, JERRE L. STEAD, STEVEN J. BILODEAU, WILLIAM E. BENDUSH, CONEXANT SYSTEMS INC., COMET ACQUISITION CORP. AND STANDARD MICROSYSTEMS CORPORATION,<br><br>                    Defendants. | Case No.: SACV-11-243 JVS (RNBx)<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. BREACH OF FIDUCIARY DUTY AGAINST DIRECTOR DEFENDANTS;**<br>**2. AIDING AND ABETTING AGAINST DEFENDANT STANDARD MICROSYSTEMS CORPORATION**<br><br>**JURY TRIAL DEMANDED** |

1

# CLASS ACTION COMPLAINT

Plaintiff, by his attorneys, alleges the following upon information and belief, except for those allegations that pertain to plaintiff and his attorneys, which allegations are based on personal knowledge. Plaintiff's information and belief is based on, *inter alia*, the investigation conducted by his attorneys, including a review of the public filings of defendant Conexant Systems Inc. ("Conexant" or the "Company"), press releases, news articles and publicly available information concerning Conexant.

## SUMMARY OF THE ACTION

1. This action arises out of the unlawful actions of the Director Defendants (as defined below), in conspiracy with or aided and abetted by the third parties, in connection with a proposed transaction whereby the Company and Standard Microsystems Corporation ("SMSC") entered into an Agreement and Plan of Merger (the "Merger Agreement"), dated as of January 9, 2011, whereby Conexant will be sold to SMSC and Conexant's shareholders will receive approximately $2.25 consisting of $1.125 cash and a fraction of stock for each of their shares. Specifically, Conexant shareholders will receive a fractional share of SMSC common stock based on an agreed upon exchange ratio calculated by dividing $1.125 by the volume weighted average price of SMSC common stock for the 20-day period ending two days before the deal closes, and will be at least 0.03489 but will in no event exceed 0.04264 shares of SMSC (the "Exchange Ratio"). The transaction is valued at approximately $284 million including the assumption of Conexant's net debt (the "Merger" or "Proposed Transaction"). The total cash consideration to be paid in the transaction is approximately $98 million and the total number of shares of SMSC common stock to be issued (including the assumption of outstanding Conexant restricted stock units) is approximately 2.9 to 3.6 million.

2.      The Proposed Transaction is at a grossly inadequate and unfair price and was arrived at by an unfair and tainted process that was intended to provide valuable assets of Conexant to defendants for unfair and inadequate consideration. Defendants have acted together, in concert, or in conspiracy to the detriment of the Company and in breach of the Director Defendants' fiduciary duties to Conexant.

3.      Plaintiff seeks to enjoin consummation of the Merger and completion of the Proposed Transaction under the grossly inadequate and unfair implied price of $2.25 per share. Alternatively, in the event that the Merger is consummated, plaintiff seeks to recover damages caused by the breach of fiduciary duties owed by the Director Defendants. The Merger and the acts of the Director Defendants, as more particularly alleged herein, constitute a breach of defendants' fiduciary duties to Conexant and a violation of applicable legal standards governing the defendants herein.

4.      Defendants have exacerbated their breaches of fiduciary duty by agreeing to lock up the Proposed Transaction with deal protection devices that preclude other bidders from making a successful competing offer for the Company.  Specifically, defendants agreed to: (i) a no-solicitation provision that prevents other buyers from having access to the Company's confidential information, which is necessary to formulate a bid, except under extremely limited circumstances; (ii) a matching rights provision that allows SMSC 4 business days to match any competing proposal in the event one is made; and (iii) a provision that requires the Company to pay SMSC a termination fee of up to $7.7 million.  These provisions substantially limit the Board of Director's ability to act with respect to investigating and pursuing superior proposals and alternatives including a sale of all or part of Conexant.

3

5. The Director Defendants' action in proceeding with the Proposed Transaction is wrongful, unfair, and harmful to Conexant's public stockholders, and will deny them their right to share proportionately in the true value of Conexant's future growth in profits and earnings.

6. The Director Defendants have breached their fiduciary duties to Conexant shareholders by causing the Company to enter into the Merger Agreement that provides for the sale of Conexant at an unfair price, and deprives Conexant's public shareholders of maximum value to which they are entitled.

7. Plaintiff and the class have suffered and will suffer irreparable injury unless defendants are enjoined from breaching their fiduciary duties and from carrying out the aforesaid plan and scheme. Plaintiff seeks to enjoin defendants from approving the Merger or, in the event the Merger is consummated, recover damages resulting from defendants' violations of their fiduciary duties of loyalty, good faith, and due care.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(2) since plaintiff and defendants are citizens of different states and the matter in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) (2008) because Conexant is headquartered in this District and a substantial portion of the transactions and occurrences complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this District. In addition, one or more of the defendants either resides in or maintains executive offices in this District.

## **THE PARTIES**

10.     Plaintiff has been the owner of common stock of Conexant since prior to the transaction herein complained of and continuously to date.  Plaintiff is and has been a resident of Michigan at all relevant times.

11.     Defendant Conexant, a Delaware corporation, with its principal offices located at 4000 MacArthur Boulevard, Newport Beach, California 92660-3095, is a fabless semiconductor company, which engages in the design, development, and sale of semiconductor system solutions. The Company offers semiconductor devices, software, and reference designs for imaging, audio, embedded-modem, and video applications.  The Company also provides audio solutions comprising high-definition (HD) audio integrated circuits, and more.  In addition, it offers a suite of embedded-modem solutions for set-top boxes, point-of-sale systems, home automation and security systems, and desktop and notebook PCs.  It markets and sells its products and system solutions to original equipment manufacturers of communication electronics products primarily through electronic components distributors, as well as to third-party electronic manufacturing service providers.  The Company operates in the Americas, the Asia-Pacific, Europe, the Middle East, and Africa. Conexant was founded in 1996.

12.     Defendant D. Scott Mercer ("Mercer") is and has been Chairman of the Board, Chief Executive Officer and a director of Conexant at all relevant times.  Mercer was appointed as Chief Executive Officer in April 2008, Chairman of the Board in August 2008 and has been a director of Conexant since 2003.  Defendant Mercer has served as a director of Polycom, Inc. since November 2007 and QLogic, Inc. since October 2010.  Defendant Mercer is a resident of California.

13.     Defendant Matthew E. Massengill ("Massengill") is and has been a director of Conexant since 2008.  He has served as a director of Western Digital Corporation since 2001,

Microsemi Corporation since 2009 and GT Solar International, Inc. since 2008. Defendant Massengill is a resident of California.

14.     Defendant Balakrishnan S. Iyer ("Iyer") is and has been a director of Conexant since 2002. He served as senior vice president and chief financial officer of the Company from January 1999 to June 2003. Defendant Iyer has served as a director of IHS, Inc. since 2003, Life Technologies Corporation (previously known as Invitrogen Corporation) since 2001, Power Integrations since 2004, QLogic Corporation since 2003, and Skyworks Solutions, Inc. since 2002. Defendant Iyer is a resident of California.

15.     Defendant F. Craig Farrill ("Farrill") is and has been a director of Conexant since 1998. Defendant Farrill was director, president and chief executive officer of Kodiak Networks, Inc. (wireless communications) from April 2003 to August 2007 and continues to be a director. He currently serves as a director and a corporate officer of the CDMA Development Group, a digital cellular technology consortium, which he founded in 1993. Defendant Farrill is a resident of California.

16.     Defendant Jerre L. Stead ("Stead") is and has been a director of Conexant since 1998. Stead has been executive chairman and chief executive officer of IHS, Inc. (software) since September 2006 and was chairman of the board of IHS, Inc. from December 2000 to September 2006. Defendant Stead has served as a director of Brightpoint, Inc. since 2000 and as a director of Mindspeed Technologies, Inc. since 2003. Defendant Stead is a resident of Arizona.

17.     Defendant Steven J. Bilodeau ("Bilodeau") is and has been a director of Conexant since February 2004. He was the chairman of the board, chief executive officer, and president of SMSC from February 2000 to October 2008 and acting chief financial officer from May 2008 to October 2008. He is currently the non-executive chairman of the board of SMSC. He has also

CLASS ACTION COMPLAINT

served as a director of Cohu, Inc. since 2009, Gennum Corporation since 2008, and NuHorizons Electronics Corp. since 2009. Defendant Bilodeau is a resident of New York.

18. Defendant William E. Bendush ("Bendush") is and has been a director of Conexant since June 2008. Defendant Bendush has been a director of Microsemi Corporation since 2003 and Smartflex Systems Inc. since 1996. Defendant Bendush is a resident of California.

19. The individual defendants named in paragraphs 12-18 above are all collectively referred to herein as the "Director Defendants."

20. Defendant SMSC, incorporated in Delaware, engages in the design and sale of silicon-based integrated circuits that utilize analog and mixed-signal technologies. SMSC offers USB 2.0 hub controllers and combination hub/flash memory card reader products; USB 2.0 flash memory card readers; USB-to-Ethernet controllers; 10 Mbps, 100 Mbps, and 1 Gbps Ethernet controllers and transceivers, as well as software drivers for consumer electronics and industrial applications; network multimedia processing engines that supports audio/video streams, software protocol stack management, and security; and embedded communications products for wireless base stations, copiers, building automation, robotics, gaming machines, and industrial applications. It also provides embedded Ethernet switches; embedded controllers for original equipment manufacturers, original design manufacturers, and PC designers; I/O controllers; and x86-based server solutions. In addition, the company develops analog products for computing, consumer, and industrial applications; portable products designed for smart phones, personal digital assistants, and other handheld mobile devices; and automotive products. Further, SMSC markets Media Local Bus, a chip interconnect technology; and system design and diagnostic tool products. Its products provide connectivity, networking, or input/output control solutions for various communication, computer and related peripheral, consumer electronics, industrial control systems, or automotive information applications. SMSC sells its products through direct sales force, third party sales

CLASS ACTION COMPLAINT

1  representatives, and distributors.  It has operations in the United States, Canada, Germany, Bulgaria,

2  Sweden, India, Japan, China, Korea, Singapore, and Taiwan.  SMSC was founded in 1971 and is

3  headquartered in 80 Arkay Drive, Hauppauge, New York.

     21.     Defendant Comet Acquisition Corp. ("Merger Sub"), a Delaware corporation and a

wholly owned subsidiary of SMSC, was organized for the sole purpose of completing the Merger.

     22.     Defendants SMSC and Merger Sub are collectively referred to as "SMSC."

     23.     Defendants Conexant, the Director Defendants and SMSC are collectively referred to

herein as "defendants."

     24.     The Director Defendants owe fiduciary duties, including the highest obligations of

good faith, loyalty, fair dealing, due care, and full candor to Conexant and its shareholders.

     25.     The Director Defendants, by reason of their corporate directorships and/or executive

positions, are fiduciaries to and for the Company's stockholders, which fiduciary relationship

requires them to exercise their best judgment, and to act in a prudent manner and in the best

interests of the Company's stockholders.

     26.     Each Director Defendant herein is sued individually as a conspirator and aider and

abettor, as well as in his or her capacity as an officer and/or director of the Company, and the

liability of each arises from the fact that he or she has engaged in all or part of the unlawful acts,

plans, schemes, or transactions complained of herein.

## CLASS ACTION ALLEGATIONS

     27.     Plaintiff, a shareholder of the Company, brings this action on his own behalf and as a

class action, pursuant to the rules of this Court, on behalf of himself and all security holders of the

Company (except the defendants herein and any person, firm, trust, corporation or other entity

related to or affiliated with any of the defendant(s) or their successors in interest) who are or will be

deprived of the opportunity to maximize the value of their shares of Conexant common stock as a result of the breaches of fiduciary duty and other misconduct arising from defendants' actions.

28.     This action is properly maintainable as a class action.

29.     The class is so numerous that joinder of all members is impracticable. As of November 5, 2010, and at all relevant times herein, Conexant has outstanding approximately 82 million shares of its common stock, held by individuals and entities too numerous to bring separate actions.  It is reasonable to assume that holders of the Conexant common stock are geographically dispersed throughout the Unites States.

30.     There are questions of law and fact which are common to the class including, *inter alia*, the following:

(i)     whether the Director Defendants breached their fiduciary and other common law duties of undivided loyalty, independence or due care they owed to the plaintiff and other members of the class by agreeing to the Proposed Transaction;

(ii)     whether the Director Defendants are engaging in self-dealing in connection with the Proposed Transaction;

(iii)     whether the Director Defendants are unjustly enriching themselves and other insiders or affiliates of Conexant; and

(iv)     whether the class is entitled to injunctive relief or damages as a result of defendants' wrongful conduct.

31.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. The claims of plaintiff are typical of the claims of the other members of the class and plaintiff has the same interests as the other members of the class. Plaintiff will fairly and adequately represent the class.

32.     The prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incomparable standards of conduct for defendants, or adjudications with respect to individual members of the class which would as a practical matter, be dispositive of the

1   interest of the other members not parties to the adjudications or substantially impair or impede their

2   ability to protect their interests.

3      33.   Plaintiff and the Class have suffered damages and will continue to suffer additional

4   damages as a result of the acts and conduct of and breaches of fiduciary duties by the Director

5   Defendants alleged herein, including but not limited to (a) damages representing the drop in

6   Conexant's stock price caused by the announcement of the Proposed Transaction and other negative

7   market reaction to the Proposed Transaction; and (b) the lost opportunity to assess or accept

8   alternatives to the Proposed Transaction.

9

10     34.   The Director Defendants have acted in a manner which affects plaintiff and all

11  members of the class, thereby making appropriate injunctive relief and/or corresponding declaratory

12  relief with respect to the class as a whole.

13                            **SUBSTANTIVE ALLEGATIONS**

14

15     *The Proposed Transaction*

16

17     35.   On January 10, 2011, Conexant and SMSC announced the execution of the Merger

18  Agreement.  That release provided in relevant part:

19

20         SMSC (NASDAQ: SMSC), a leading semiconductor company providing Smart

21         Mixed-Signal Connectivity™ solutions, and Conexant Systems, Inc. (NASDAQ:

22         CNXT), a leading supplier of innovative semiconductor solutions for imaging,

23         audio, embedded modem, and video surveillance applications, today announced

24         the signing of a definitive agreement under which SMSC will purchase all of the

25         outstanding shares of Conexant in a stock and cash transaction valued at

26         approximately $284 million including the assumption of Conexant's net debt.

27         The transaction has been approved by the boards of directors of both companies.

28

---

* * *

Under the terms of the agreement, for each share of Conexant that they own, Conexant stockholders will receive approximately $2.25 consisting of $1.125 in cash and a fraction of a share of SMSC common stock equal to $1.125 divided by the volume weighted average price of SMSC common stock for the 20 trading days ending on the second trading day prior to closing, but in no event more than 0.04264 nor less than 0.03489 shares of SMSC common stock. The total cash consideration to be paid in the transaction is approximately $98 million and the total number of shares of SMSC common stock to be issued (including the assumption of outstanding Conexant restricted stock units) is approximately 2.9 to 3.6 million. The transaction is expected to close in the first half of calendar 2011 subject to the satisfaction of regulatory requirements, approval by Conexant shareholders and other customary closing conditions. SMSC expects to realize approximately $8 to $10 million in annualized pre-tax cost synergies by the end of SMSC's fourth quarter of fiscal 2012 as a result of the consolidation of support functions and optimization of the supply chain across a larger base.

36.     Under the Agreement and Plan of Merger, Conexant stockholders will receive approximately $2.25 consisting of $1.125 in cash and a fraction of a share of SMSC common stock equal to $1.125 divided by the volume weighted average price of SMSC common stock for the 20 trading days ending on the second trading day prior to closing, but in no event more than 0.04264 nor less than 0.03489 shares of SMSC common stock. The total cash consideration to be paid in the transaction is approximately $98 million and the total number of shares of SMSC common stock to be issued (including the assumption of outstanding Conexant restricted stock units) is approximately 2.9 to 3.6 million.

CLASS ACTION COMPLAINT

37.    Conexant will make a subsequent announcement of timing and location of the special meeting of shareholders and record date for shareholders eligible to vote on the Proposed Transaction. The Board of Directors of the Company has postponed the 2011 Annual Meeting of Stockholders that had been scheduled for January 20, 2011 in order to allow the Company to combine its annual meeting with the meeting of the Company's stockholders required to vote on the Proposed Transaction. The Proposed Transaction is expected to close in the first half of calendar 2011 subject to the satisfaction of regulatory requirements, approval by Conexant shareholders and other customary closing conditions.

38.    The recent historical averages for Conexant's stock price demonstrate that the consideration being offered by SMSC is unfair and inadequate. Indeed, SMSC is taking advantage of Conexant's temporarily depressed stock price.

39.    The Proposed Transaction is valued at approximately $2.25, as of close on January 9, 2011, for each Conexant share. As recently as March, 2010, Conexant shares traded above $5.00 per share.

40.    The press release also touted the synergies of the two companies:

**Combined Company Highlights:**

- Complementary connectivity product portfolios to target more expansive set of computing, consumer, industrial and automotive applications,

- Serves key customers with more complete product solutions,

- Creates a stronger analog/mixed-signal R&D team with over 900 engineers globally,

- Combined company has the scale and resources to enhance SMSC's financial model with a combined trailing twelve month revenue of approximately $632 million,

12

- Anticipated annualized pre-tax cost synergies of $8 to $10 million by the end of SMSC's fourth quarter of fiscal 2012,

- Acquisition expected to be accretive to non-GAAP gross margins, non-GAAP operating margins and non-GAAP earnings per share immediately upon closing.

The combination of Conexant's imaging, audio, embedded modem and video products with SMSC's broad connectivity solutions targeting the computing, consumer, industrial and automotive markets provides for a highly complementary merger of talent and technology. Headquartered in Newport Beach, California, Conexant has approximately 600 employees worldwide, including over 230 in Asia.

"We believe that combining the growth potential of Conexant and SMSC will allow us to leverage complementary technology and engineering resources to provide our customers with expanded solutions in connectivity and content," said Christine King, President & Chief Executive Officer of SMSC. "We plan to focus our resources on the areas of highest return and believe that our respective sales and supply chain relationships will help create a platform to grow our businesses. We expect the acquisition will be accretive to non-GAAP EPS immediately upon close. In addition, we expect to capture significant operating efficiencies that will position us to increase earnings growth. SMSC's larger scale should position us to increase our R&D productivity and drive profitability and shareholder value."

"In our industry, size and scope provide a significant advantage with customers and suppliers," said Scott Mercer, Conexant's Chairman and Chief Executive Officer. "SMSC and Conexant share similar core competencies in analog and

CLASS ACTION COMPLAINT

1   mixed-signal design, possess complementary product portfolios, and count many

2   customers in common. By joining forces, we get the opportunity to take

3   advantage of economies of scale and drive profitable growth. I am convinced

4   that combining our companies will best serve the interests of Conexant

5   stockholders, customers, and employees moving forward."

6

7   Sailesh Chittipeddi, currently President & Chief Operating Officer at Conexant,

8   will join SMSC upon close of the acquisition as Executive Vice President,

9   reporting to Christine King. Mr. Chittipeddi's responsibilities will include all

10  product lines and global marketing and engineering functions for SMSC. Mr.

11  Chittipeddi joined Conexant in 2006. In his role as President & Chief Operating

12  Officer, he had worldwide responsibility for engineering, operations, quality and

13  marketing.

14  41.    The Proposed Transaction serves no legitimate business purpose of Conexant but

15  rather is an attempt by defendants to enable SMSC to benefit unfairly from the transaction at the

16  expense of Conexant's public shareholders. The Proposed Transaction will, for a grossly inadequate

17  consideration, deny plaintiff and the other members of the class their right to share proportionately

18  in the future success of Conexant and its valuable assets, while permitting SMSC to reap huge

19  benefits from the transaction.

20

21  42.    Additionally, pursuant to the Merger Agreement there are many protection devices

22  preventing a superior offer from being made to Conexant shareholders. Specifically, defendants

23  agreed to: (i) a no-solicitation provision that prevents other buyers from having access to the

24  Company's confidential information, which is necessary to formulate a bid, except under extremely

25  limited circumstances; (ii) a matching rights provision that allows SMSC 4 business days to match

26  any competing proposal in the event one is made; and (iii) a provision that requires the Company to

27

28

CLASS ACTION COMPLAINT

pay SMSC a termination fee of up to $7.7 million.  These provisions substantially limit the Board of Director's ability to act with respect to investigating and pursuing superior proposals and alternatives including a sale of all or part of Conexant.

43.     The terms of the Merger Agreement are structured to ensure that SMSC, and only SMSC, ultimately acquires Conexant, regardless of whether such terms are designed and/or serve to maximize shareholder value.

44.     The Termination Fee and deal protection devices are deterrents to other potential bidders and provide defendants with an unearned windfall at the expense of the Company's public shareholders if a superior bid emerges.

45.     Accordingly, the terms of the Merger Agreement substantially limit the Board's ability to act with respect to investigating and pursuing superior proposals and alternatives including a sale of all or part of Conexant.

46.     By virtue of their positions as directors and senior officers of the Company, the Director Defendants have access to and knowledge of Conexant's internal financial information which reveals the true financial and operating condition and prospects of the Company, and have shared such information with SMSC.  Defendants are using this information to benefit themselves at the expense and to the detriment of Conexant and the public shareholders.

47.     Moreover, the Director Defendants are motivated by their desire to secure personal benefits as a result of the Proposed Transaction. Specifically, as noted, upon completion of the Merger, the board of Directors of SMSC will include certain of the directors of Conexant.  In addition, certain directors stand to reap tens, if not hundreds, of millions of dollars of personal benefits at the expense of the Company and its public shareholders if the Merger is consummated, including the right to receive change-in-control benefits (such as the acceleration of their stock

15

options), thus putting their own personal financial interests irreconcilably in conflict with the interests of the Company and its public shareholders.

48.     The Director Defendants' actions in proceeding with the Proposed Transaction are wrongful, unfair, and harmful to Conexant public stockholders, and will deny them their right to share proportionately in the true value of Conexant's valuable assets, profitable business, and future growth in profits and earnings. The Director Defendants have breached their fiduciary duties to Conexant shareholders and failed to maximize shareholder value by causing the Company to enter into the Merger Agreement that provides for the sale of Conexant at an inadequate price, and deprives Conexant's public shareholders of maximum value to which they are entitled.

49.     The Director Defendants' actions in proceeding with the Proposed Transaction are wrongful, unfair, and harmful to Conexant's public stockholders, and will deny them their right to share proportionately in the true value of Conexant's valuable assets, profitable business, and future growth in profits and earnings. The Director Defendants have breached their fiduciary duties to Conexant shareholders and failed to maximize shareholder value by causing the Company to enter into the Merger Agreement that provides for the sale of Conexant at an inadequate price, and deprives Conexant's public shareholders of maximum value to which they are entitled.

50.     Plaintiff has no adequate remedy at law.

## COUNT ONE

### Breach of Fiduciary Duty Against the Director Defendants

51.     Plaintiff adopts by reference as if set forth fully herein each of the foregoing allegations.

52.     The Director Defendants have violated the fiduciary duties of care to the public stockholders of Conexant.

16

53.     Plaintiff and the class will suffer irreparable injury as a result of the Director Defendants' actions.

54.     Unless enjoined by this Court, the Director Defendants will continue to breach their fiduciary duties owed to plaintiff and the class, and may consummate the Proposed Transaction to their irreparable harm.

55.     Plaintiff and the members of the class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can plaintiff and the class be fully protected from the immediate and irreparable injury which defendants' actions threaten to inflict.

## COUNT TWO

### Aiding And Abetting Against Defendant SMSC

56.     Plaintiff incorporates by reference as if fully set forth herein each of the foregoing allegations.

57.     Defendant SMSC has knowingly aided and abetted the breaches of fiduciary duty committed by the Director Defendants to the detriment of Conexant's public shareholders. Indeed, the proposed merger could not take place without the active participation of defendants SMSC, who will be unjustly enriched absent relief in this action.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally as follows:

A.      Certifying this action as a class action and certifying plaintiff as a Class representative;

B.      Enjoining preliminarily and permanently, the proposed Merger under the terms presently proposed;

C. To the extent, if any, that the transaction or transactions complained of are consummated prior to the entry of this Court's final judgment, rescinding such transaction or transactions or granting rescissory damages;

D. Directing that defendants account to plaintiff and the other members of the class for all damages caused to them and account for all profits and any special benefits obtained by defendants as a result of their unlawful conduct;

E. Awarding the plaintiff the costs and disbursements of this action, including a reasonable allowance for the fees and expenses of plaintiff's attorneys and experts; and

F. Granting plaintiff and the other members of the class such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: February 9, 2011          Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By: _____
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

18

Joshua M. Lifshitz
Peter D. Bull
BULL & LIFSHITZ, LLP
18 East 41st Street
New York, NY 10017
Telephone: (212) 213-6222
Facsimile:  (212) 213-9405
counsel@nyclasslaw.com

*Attorneys for Plaintiff Frank E. Manginell*

CLASS ACTION COMPLAINT



Name & Address: Laurence D. King (SBN206423)
Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
tel. 415.772.4700
fax 415.772.4707

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Frank E. Manginell, on behalf of himself and all others similarly situated, | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)** | |
| v. | |
| D. Scott Mercer, Matthew E. Massengill, Balakrishnan S. Iyer, F. Craig Farrill, Jerre L. Stead, Steven J. Bilodeau (see attachment A hereto) | **SUMMONS** |
| **DEFENDANT(S).** | |

TO:     DEFENDANT(S): <u>D. Scott Mercer, Matthew E. Massengill, Balakrishnan S. Iyer, F. Craig Farrill,</u>
<u>Jerre L. Stead, Steven J. Bilodeau, William E. Bendush, (see attachment B hereto)</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Laurence D. King</u>, whose address is <u>Kaplan Fox & Kilsheimer LLP, 350 Sansome St., Suite 400, SF CA 94104</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **FEB - 9 2011** _____     By: __**SHEA BOURGEOIS**__

Deputy Clerk

(Seal of **SEAL**)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                        SUMMONS

# Attachment A to Summons

William E. Bendush
Conexant Systems Inc.
Comet Acquisition Corp.
Standard Microsystems Corporation

# Attachment B to Summons

Conexant Systems Inc.
Comet Acquisition Corp.
Standard Microsystems Corporation



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
GIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Frank E. Manginell, on behalf of himself and all others similarly situated.

**DEFENDANTS**
D. Scott Mercer, Matthew E. Massengill, Balakrishnan S. Iyer, F. Craig Farrill, Jerre L. Stead, Steven J. Bilodeau, William E. Bendush, Conexant Systems Inc., Comet Acquisition Corp. and Standard Microsystems Corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Laurence D. King (SBN 206423), Kaplan Fox & Kilsheimer LLP, 350 Sansome St., Suite 400, San Francisco, CA 94104; tel.415.772.4700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332(a)(2);Breach of Fiduciary Duty; Aiding and Abetting

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV-11-243**

**FOR OFFICE USE ONLY:** Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Michigan |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Conexant Systems Inc.-Orange County; D. Scott Mercer-Orange County; Matthew Massengill-Orange County;Balakrishnan S. Iyer-Orange County;F. Craig Farrill-Orange County;William Bendush-Orange County | Jerre L. Stead-State of Arizona;Steven J. Bilodeau-State of New York;Standard Microsystems Corporation-State of New York; Comet Acquisition Corp.-State of New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 2-9-11

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 243 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY